UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADRIAN KITTLER,<br><br>    Petitioner,<br><br>    v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>    Respondent. | No. CV 10-9773 ODW (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus ("Petition") on or about December 7, 2010. Petitioner challenges a sentence imposed on November 8, 2005.

Petitioner alleges that he did not seek direct review of his conviction or sentence. Thus, pursuant to California law, his judgment of conviction became final sixty days later, on January 9, 2006.[1] *See* Cal. R. Ct. 8.308(a) ("[A] notice of appeal and any statement required by Penal Code section 1237.5 must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."); *Lopez*, 535 F. Supp. 2d at 1156-57 (stating that conviction is final for AEDPA purposes sixty days after sentencing date where petitioner fails to file direct appeal to conviction or sentence).

---

[1] The sixtieth day was January 7, 2006, a Saturday. Therefore, the judgement became final on the following Monday, January 9, 2006.

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners, like petitioner, whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). The operative provision which appears to apply in this case is set forth in 28 U.S.C. § 2244(d)(1)(A). That subparagraph provides that the one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, as shown above, petitioner's judgement became final on January 9, 2006. Accordingly, the one-year limitations period expired on January 9, 2007. However, petitioner did not initiate the present proceedings until over three years after the limitations period expired. As a result, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)

(citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner is not entitled to any statutory tolling. Petitioner did not file his first state habeas petition until January 22, 2010.[2] But by that time, three years had passed since the January 9, 2007 cutoff date. Given the passing of the cutoff date, the January 22, 2010 state habeas petition could not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed."); *Green*, 223 F.3d at 1003 (holding that state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run"); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2) "'tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run'") (citation omitted).

---

[2] The Court takes judicial notice of the docket of his habeas petition filed in the California Court of Appeal as reflected in the website of the California Supreme Court, located at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1932095&doc_no=B221807.

1   Because the Petition does not demonstrate any basis for tolling the statute,
2 the Court orders petitioner to show cause in writing within 15 days of the date of
3 this order why the Petition should not be dismissed as time-barred.  If petitioner
4 fails to provide a timely response to this order, the Court will recommend that the
5 Petition be dismissed as time-barred and/or for failure to prosecute.
6   IT IS SO ORDERED.
7
8 DATED:  December 27, 2010
9
10          / s / FREDERICK F. MUMM
             FREDERICK F. MUMM
11            United States Magistrate Judge